10-347-ag
Hussain v. Holder

BIA
A078 698 652
A078 698 653
A078 698 654
A078 698 655

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> RALPH K. WINTER,
> > *Circuit Judges.*

_____

ABID N. HUSSAIN, SHAHIDA PARVEEN,
QURAT UL AIN ABID, AMBREEN ABID
> *Petitioners,*

> v.                                    10-347-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        H. Raymond Fasano, New York, New
                        York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Linda S. Wernery, Assistant

**Director; Theodore C. Hirt, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners, all natives and citizens of Pakistan, seek review of a January 28, 2010, order of the BIA denying their motion to reopen their removal proceedings. *In re Hussain, et. al.*, Nos. A078 698 652/653/654/655 (B.I.A. Jan. 28, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA did not abuse its discretion by denying Petitioners' motion to reopen, as their motion was filed in February 2009, more than one year after the entry of their August 2008 final order of removal. *See id.*; 8 C.F.R. § 1003.2(c)(2).

Alternatively, the BIA acted within its discretion in denying the motion by reason of Petitioners' failure to comply with the requirements for reopening. As the BIA found, Petitioners failed to submit an asylum application in conjunction with their motion to reopen, as required under the regulations. *See* 8 C.F.R. § 1003.2(c)(1). Petitioners have failed to challenge this dispositive ground for the denial of reopening. The petition for review is therefore denied. *See Steevenez v. Gonzales*, 476 F.3d 114, 118 (2nd Cir. 2007) (denying the petition for review because petitioner failed to challenge a dispositive ground for relief).

Moreover, the BIA reasonably concluded that Petitioners failed to establish changed country conditions in Pakistan such that the time and number limits on their motion to reopen should be excused. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). The evidence Petitioners submitted in support of their motion indicated deteriorating conditions in Pakistan. However, Petitioners fail to point to evidence in the record establishing a *material* change; the background documentation submitted in support of the original application provided similar information regarding sectarian violence in Pakistan. *See Matter of S-Y-G-*, 24 I. & N. Dec

3

247, 253 (BIA 2007) (finding that, "[i]n determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").  Substantial evidence thus supports the BIA's determination that Petitioners failed to establish changed country conditions.  *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding that when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, this Court reviews the BIA's factual findings under the substantial evidence standard).

Given the BIA's explicit references to the documentation submitted with the motion to reopen, a reasonable fact-finder would not be compelled to conclude (as Petitioners contend) that the BIA ignored any material evidence that Petitioners submitted.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (holding that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration

4

to the petition, and made adequate findings"); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Because the BIA did not abuse its discretion by denying Petitioners' motion as untimely, *see Ali*, 448 F.3d at 517, we need not reach Petitioners' argument that they are *prima facie* eligible for relief. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Petitioners do not challenge the BIA's remaining findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5